

# NUMBERS 13-13-00526-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**HERMAN LEE KINDRED,**                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

---

### On appeal from the 24th District Court
### of Jackson County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Herman Lee Kindred appeals his conviction for theft, a state-jail felony that was enhanced to a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 31.03(a), (e)(4)(D); 12.425(b) (West, Westlaw through 2013 3d C.S.). Appellant pleaded not guilty, but a jury found him guilty and assessed punishment at twenty years'

imprisonment. By one issue, appellant argues the trial court abused its discretion by sua sponte disqualifying a venire member. We affirm.

## I. BACKGROUND[1]

Before voir dire, a veniremember told the trial court that a criminal background check conducted on herself pursuant to a job had revealed "a theft type thing[,]" but she did not remember if it was a felony. The alleged offense occurred when she lived abroad, where the United States Army had stationed her husband. She affirmed that the Judge Advocate General's Corps prosecuted her, but she did not serve any jail time or pay a fine, and she said, "I didn't go to court or anything like that. I came home."

The defense attorney felt that that the veniremember's information was insufficient to disqualify her as a potential juror on the grounds of having a prior theft conviction. The trial court agreed, but it requested the State to run a criminal background check. The State returned with a report, and the trial court responded:

> [W]hat I have been provided is a report that indicate[s] that in 1990 she was charged with fraud and with larceny. . . . the report that I have before me does not indicate that it was a conviction. Nevertheless, out of an abundance of caution I am going to declare [her] disqualified and I think that disposes of the matter.

## II. JUROR DISQUALIFICATION

By his sole issue, appellant contends the trial court abused its discretion by sua sponte disqualifying the veniremember because the evidence was insufficient to show she was disqualified.[2] Appellant does not argue that an impartial juror sat on the jury.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] A prospective juror is disqualified if the juror has been convicted of misdemeanor theft or a felony

Appellant relies on *Green v. State* for the rule that a court's erroneous exclusion of a qualified juror is automatically harmful when the State exhausts its peremptory challenges, as it did here.   *See* 764 S.W.2d 242, 246 (Tex. Crim. App. 1989) (en banc) (quotation omitted) (explaining that in such situations the State essentially receives an extra peremptory strike).

Since *Green*, however, the Texas Court of Criminal of Criminal Appeals has returned to the "previous rule[:]   that the erroneous excusing of a veniremember will call for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury."   *Jones v. State*, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998) (en banc); *see Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).   Under this rule, "the question is whether or not the jurors who actually sat were impartial."   *Gamboa*, 296 S.W.3d at 580; *Jones,* 982 S.W.2d at 393 ("The defendant's only substantial right is that the jurors who do serve be qualified.   The defendant's rights go to those who serve, not to those who are excused.").   There being no such showing in this case, we overrule appellant's issue. [3]   *See Gamboa*, 296 S.W.3d at 580 ("Appellant's only complaint

---

or is under indictment or other legal accusation for misdemeanor theft or a felony.   *See* TEX. CODE CRIM. PROC. ANN. art. 35.19 (West, Westlaw through 2013 3d C.S.).   Generally, we review a trial court's excusal for an abuse of discretion.   *See, e.g., Chambers v. State*, 903 S.W.2d 21, 27 (Tex. Crim. App. 1995) (citation omitted).

The State claims the issue is unpreserved because defense counsel did not object when the trial court admitted the background check as a voir dire exhibit and made its final ruling, but the record shows the court was aware of defense counsel's argument, and we address it.

[3] In discussing the background facts in his brief, appellant says the State was concerned because the veniremember was an African American, but appellant does not argue that she was excused on account of race.   To the extent appellant hints she was, we overrule the suggestion as inadequately briefed.   *See* TEX. R. APP. P. 38.1(i).   Moreover, the record shows the State sought to avoid determining her qualification solely on account of race:   "I understand the sensitivity of it being African American [sic]," but "[i]f a subsequent review of the record determines she was convicted then we have done this for naught."

regarding the jury is that, because of the erroneous excusal, his ability to have a compatible jury was negated. This is insufficient to show that he was deprived of a lawfully constituted jury. For these reasons, we need not decide whether the trial judge erred in dismissing" the veniremember); *Jones*, 982 S.W.2d at 394 (overruling argument that trial court excused a qualified juror because appellant failed to show he was deprived of a lawfully constituted jury); *see also Hernandez v. State*, No. 02-12-00392-CR, 2014 WL 1510093, at *2 (Tex. App.—Fort Worth Apr. 17, 2014, no pet.) (mem. op., not designated for publication) (overruling appellant's claim that trial court excused a qualified juror because he failed to show harm by demonstrating he was deprived of lawfully constituted jury).

## III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of February, 2015.